IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENNETH ALLEN CARSON, )
        Petitioner, ) Civil Action No. 15-211 Erie
)
v. )
) Magistrate Judge Susan Paradise Baxter
MICHAEL OVERMYER, )
et. al., )
        Respondents. )

# **OPINION**[1]

Presently before the Court is a petition for a writ of habeas corpus [ECF No. 5] filed by state prisoner Kenneth Allen Carson (the "Petitioner"), pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Respondents' motion to dismiss [ECF No. 8] is granted, the petition is dismissed and a certificate of appealability is denied.

**I.**

**A.** **Relevant Background**

On January 8, 2013, the Petitioner entered a plea of *nolo contendere* in the Court of Common Pleas of Erie County to one count of Indecent Assault, Persons Under 16 Years of Age. On May 2, 2013, the court sentenced him to a 12 to 24 month term of imprisonment. The Petitioner was a defendant in other criminal cases, and on that same day the court sentenced him to consecutive terms of imprisonment for possession of drug paraphernalia and possession of cocaine, for a total aggregate term

---

[1]     In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

of incarceration of 36 to 72 months. Commonwealth v. Carson, No. 445 WDA 2014, slip op. at 1 (Pa.Super.Ct. Oct. 8, 2014).[2]

The Petitioner did not file post-sentence motions or a direct appeal to the Superior Court. Accordingly, his judgment of sentence became final on June 2, 2013, which is the date upon which the 30-day time limit for him to file an appeal expired. Carson, No. 445 WDA 2014, slip op. at 1-2 (citing 42 Pa.C.S. § 9545(b)(3) and Pa.R.A.P. 903(a)). See also Gonzalez v. Thaler, — U.S. — , 132 S.Ct. 641, 653-56 (2012) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000).

On October 11, 2013, the Petitioner filed in state court a petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.* The PCRA court appointed the Petitioner counsel, who subsequently filed a no-merit letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa.Super.Ct. 1988), and a petition for leave to withdraw. Next, the PCRA court issued a notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907(1). The court also granted counsel's request for leave to withdraw from representation and subsequently issued an order denying the PCRA petition. Carson, No. 445 WDA 2014, slip op. at 2.

After the PCRA court issued its final order, the Petitioner pursued a *pro se* appeal in which he raised five grounds for relief, none of which are relevant to this proceeding. Id. at 2-3 (quoting the five claims the Petitioner raised in his appellate brief). On October 8, 2014, the Superior Court issued a Memorandum in which it affirmed the PCRA court's decision. The Petitioner did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania. As a result, the Petitioner's PCRA

---

[2] The Respondents submitted a hardcopy of the relevant state court record. The documents for the criminal case at issue here are indexed and numbered 1 through 40. The Superior Court's decision is located at number 39.

2

proceeding concluded on or around November 7, 2014, which is the date upon which the Petitioner's time to file a petition for allowance of appeal from the Superior Court's decision expired. Swartz, 204 F.3d at 419-20.

On or around August 30, 2015, the Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[3] He raises one claim: that the requirement that he register "as a Tier 2 offender under SORNA" is unconstitutional. [ECF No. 5 at 5]. The Respondents filed a motion to dismiss [ECF No. 8] in which they contend that Petitioner's claim is untimely under the applicable one-year statute of limitations. They also contend that because the Petitioner did not exhaust his claim in state court it is procedurally defaulted. The Petitioner did not file a reply.

## **B.** **Discussion**

AEDPA requires, with a few exceptions not applicable here, that federal habeas claim must be filed with the district court within one year of the date the petitioner's judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A).[4] It also provides that "[t]he time during which a *properly filed*

---

[3] On August 20, 2015, the Clerk of Court received from the Petitioner for filing a motion for an order authorizing the Court to consider a second or successive application for relief under 28 U.S.C. § 2254. [ECF No. 1]. The Petitioner dated that motion August 16, 2015. On August 27, 2015, this Court issued an order in which it advised the Petitioner that he did not need authorization to file a § 2254 petition because he had not previously filed one. The Court provided the Petitioner with the standard § 2254 form and instructed him that he should complete it and then file it with the required filing fee or a motion for leave to proceed in forma pauperis. The Petitioner followed the Court's instructions and his petition was executed on August 30, 2015, and received by the Clerk of Court on September 4, 2015. The Court need not determine whether it should consider the petition to have been filed as of August 16, 2015. For the reasons set forth below, the Petitioner had until on or around June 30, 2015, to file a timely petition and, therefore, the petition is untimely even if it is deemed to have been filed on August 16, 2015.

[4] Petitioner is not entitled to take advantage of any of the other provisions triggering the one-year limitations period. He did not suffer any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). None of his claims are based on a new constitutional right recognized by the United States Supreme Court and made retroactive to cases on collateral review, id. at § 2244(d)(1)(C), or upon a factual predicate that could not have been discovered through the exercise of due diligence. Id. § 2244(d)(1)(D).

3

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

As set forth above, the Petitioner's judgment of sentence became final on June 2, 2013. On October 11, 2013, he filed his PCRA petition. In accordance with § 2244(d)(2), that PCRA proceeding statutorily tolled AEDPA's limitations period on that date. At that point, approximately 131 days (from June 2, 2013 to October 11, 2013) had already expired from AEDPA's statute of limitations. The Petitioner's PCRA proceeding concluded on or around November 7, 2014. AEDPA's limitations period began to run again the next day, on November 8, 2014. Since about 131 days had expired already from the limitations period, the Petitioner had 234 more days – until on or around June 30, 2015 – to file a timely petition for a writ of habeas corpus with this Court. He did not meet that deadline and, therefore, the petition (whether deemed to be filed in August or September 2015) is untimely.[5]

The Respondents also are correct that the Petitioner's claim is procedurally defaulted. The "exhaustion doctrine" requires that a petitioner challenging his state custody in a federal habeas action must raise his federal constitutional claims in state court through the proper procedures before he litigates them in a federal court. See, e.g., Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) ("[i]t is axiomatic that a federal habeas court may not grant a petition for a writ of habeas corpus unless the

---

[5] The United States Supreme Court has held that AEDPA's statute-of-limitations period "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows both that: (1) he has been **pursuing his rights diligently**, and (2) some **extraordinary circumstance** stood in his way and prevented timely filing. Id. at 649. See also United States v. Thomas, 713 F.3d 165, 174 (3d Cir. 2013); Ross v. Varano, 712 F.3d 784, 798-804 (3d Cir. 2013); Munchinski v. Wilson, 694 F.3d 308, 329-32 (3d Cir. 2012). "This conjunctive standard requires showing both elements before we will permit tolling." Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original). The Petitioner has not met his burden of demonstrating that he is entitled to equitable tolling. He has not identified any "extraordinary circumstance" that stood in his way of filing a timely federal habeas petition. Nor has he shown that he acted with the required diligence.

4

petitioner has first exhausted the remedies available in the state courts.") (citing 28 U.S.C. § 2254(b)(1)(A)). This "exhaustion" requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). See also O'Sullivan v. Boerckel, 526 U.S. 838, 842-49 (1999).

In order to exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. In Pennsylvania, this requirement means that a petitioner in a non-capital case must have presented every federal constitutional claim raised in his habeas petition to the Superior Court of Pennsylvania either on direct or PCRA appeal. See, e.g., Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004).

The Petitioner did not exhaust his claim on direct appeal or in a PCRA appeal. Because he did not, the claim is now procedurally defaulted. See, e.g., Lines v. Larkin, 208 F.3d 153, 160 (3d Cir. 2000); Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). See also Rolan v. Coleman, 680 F.3d 311, 317 (3d Cir. 2012) ("Procedural default occurs when a claim has not been fairly presented to the state courts (*i.e.*, is unexhausted) and there are not additional state remedies available to pursue[.]").[6] Like the exhaustion doctrine, the doctrine of procedural default is "grounded in concerns of comity and

---

[6] A petitioner who has defaulted a federal habeas claim can overcome the default, thereby allowing federal court review, if he can demonstrate "cause" for the default, *i.e.*, that some objective factor "external to the defense" impeded efforts to comply with the state's procedural rule, and "actual prejudice." See, e.g., Coleman, 501 U.S. at 750; see also Murray v. Carrier, 477 U.S. 478, 488, 494 (1986). The Petitioner has not established either criteria. A petitioner also may overcome a procedural default of a claim if he can demonstrate a "miscarriage of justice." This means that a procedural default may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" Schlup v. Delo, 513 U.S. 298, 316 (1995). The "miscarriage of justice" exception only applies in extraordinary cases where the petitioner demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent. Schulp, 513 U.S. at 316. This is not the type of extraordinary case in which a petitioner can overcome the default of his claims by way of the miscarriage of justice exception.

5

federalism," Coleman, 501 U.S. at 730, and it bars federal habeas review of a claim whenever the petitioner failed to raise it in compliance with a state's procedural rules. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wainwright v. Sykes, 433 U.S. 72 (1977); Lines, 208 F.3d at 162-69. Therefore, in addition to being untimely, the Petitioner's claim is defaulted.

### C. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether the Petitioner's claim should be dismissed. Accordingly, a certificate of appealability is denied.

## II.

For the reasons set forth above, the Respondents' motion to dismiss [ECF No. 8] is granted, the petition for a writ of habeas corpus is dismissed and a certificate of appealability is denied.

An appropriate Order follows.

Dated: July 22, 2016

<u>/s/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
United States Magistrate Judge